GEORGE D. B. WITHAM *vs.* CITY OF PORTLAND.

Cumberland. Opinion March 10, 1881.*

*Ways. Sidewalks — defects in.*

In an action for personal injuries received from an alleged defect in a way, the question of whether there was such a defect as unlawfully impaired the reasonable safety of travelers is generally one of pure fact for the jury depending upon the special circumstances of the particular case; but when the facts bearing upon the subject are unquestioned or are sustained by uncontroverted testimony, their legal effect is a matter of law.

A sidewalk on a cross street in a city where there was comparatively little passing, was laid out by the city authorities, seven feet wide, the outside line being within four and one-half inches of a block, and the whole space was bricked as though the sidewalk extended to the block, excepting in front of a basement window about nine feet wide, there was a depression in the brick walk eight and one-half inches in width from the window, and six and one-half inches in depth.

*Held,* in an action for damages for personal injuries received from stepping into the depression described, while walking along the sidewalk in the daytime, in the absence of any testimony that such was an improper or unusual construction for the necessary lighting and ventilating of the basement of buildings, that the depression was not a defect in the legal sense.

ON MOTION to set aside the verdict rendered in the superior court, Cumberland.

An action on the case for damages sustained by the plaintiff for personal injuries caused by an alleged defect in the sidewalk on Milk street, in Portland.

*Received by the Reporter, November 11, 1881.

The opinion states the material facts.

*Bion Bradbury*, for the plaintiff.

*Clarence Hale*, for the defendant.

VIRGIN, J.   The plaintiff recovered a verdict of six thousand five hundred dollars against the city of Portland, for a personal injury which he testified was caused solely by an alleged defect in the sidewalk which extends along the east end of Stanton block, on the west side of Milk street.   The sidewalk, as laid out by the city authorities, is seven feet in width, the outside line thereof being within four and one-half inches of the east end of the block, the whole space being bricked as if the sidewalk extended clear to the block, except as follows.

In the east end of the block is a basement window, about nine feet wide, consisting of one row of panes of glass extending one foot above, and six inches below the surface of the sidewalk. And for the purpose of letting in the light, a depression in the sidewalk along in front of the window is constructed, eight and one-half inches in width from the window, and six and one-half inches below the surface, so that three and three-quarters inches of the width of the depression are within the sidewalk, and the remainder, four and three-quarters inches, are outside of it. And this is the defect complained of, and into which, the plaintiff testified, he stepped with his right foot while walking along that sidewalk in the daytime.   The question, therefore, is, whether such a depression on the extreme outside line of the sidewalk, so near to the wall of the building, on a cross-street over which there is comparatively but little passing, is a defect which unlawfully impairs the reasonable safety of travelers there.

Generally, such an issue is a pure question of fact depending upon the special circumstances of the particular case ; but when the facts bearing upon the subject are unquestioned or are sustained by uncontroverted testimony, their legal effect is a matter of law.   *Todd* v. *Whitney*, 27 Maine, 480.

In the case in hand, considering the undisputed affirmative facts, together with the absence of any testimony that this is an improper or unusual construction for the necessary lighting and

ventilating of the basements of buildings, we are of the opinion that it is not a defect in the legal sense. *King* v. *Thompson*, 87 Penn. St. 369; *Cushing* v. *Boston*, 124 Mass. 437. The plaintiff's foot was not accidentally caught in this narrow place, and wrenched by being held there against his will; but he contends that his injury was occasioned by his stepping his foot into the place so much lower than his other, as to cause a shock of his system. If he had been walking in the opposite direction and as near the curb stone as he was to Stanton block, he would have stepped down quite as deep a depression into the street proper, and perhaps with a like result. And to call the latter a defect, would condemn every foot of street on each side of every street in the city, and the curb around every tree therein.

And if we had any doubt as to the soundness of this view, we should have no hesitation in declaring that the case fails to show the exercise of ordinary care on the part of the plaintiff. With such ample width of sidewalk for the safety and convenience of the traveller, it is almost past comprehension how the plaintiff could step into the place involuntarily.

*Motion sustained.*

Appleton, C. J., Walton, Barrows and Libbey, JJ., concurred.